**FILED**
**Mar 04, 2025**
**08:25 AM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT NASHVILLE

| | | |
|---|---|---|
| **Allan Tan,** | ) | **Docket No. 2024-06-4392** |
| **Employee,** | ) | |
| **v.** | ) | |
| **Select Specialty Hospital-Nash Select** | ) | |
| **Medical Corporation,** | ) | **State File No. 13325-2024** |
| **Employer,** | ) | |
| **And** | ) | |
| **Employers Insurance Company of** | ) | |
| **Wausau,** | ) | **Judge Joshua Davis Baker** |
| **Carrier.** | ) | |

---

## EXPEDITED HEARING ORDER

---

The Court held an expedited hearing on February 26, 2025, regarding Allan Tan's entitlement to payment of a medical bill and temporary disability benefits. Select Specialty Hospital contends that it should not be liable for an unauthorized doctor's bill and that Mr. Tan is not eligible for temporary disability benefits because he was not restricted from work. For the reasons below, the Court finds Mr. Tan has not satisfied his burden for either request, and they are denied.

### Claim History

On January 18, 2024, Mr. Tan, an experienced nurse, injured his low back at work while pulling and lifting a patient. Select accepted the claim, and Mr. Tan saw Dr. Robert Lowe.

Dr. Lowe and his physician assistant treated Mr. Tan conservatively for the next several months, but this decision turns largely on the June 10, 2024 visit. Mr. Tan said he was in significant pain and unable perform full-duty work; the treatment notes convey a different impression.

1

Dr. Lowe diagnosed "low back pain, unspecified," ordered additional physical therapy, and released Mr. Tan to full-duty work. The doctor wrote: "This patient has improved significantly. He is satisfied with his progress. He would like to return to some activities. He is not 100% sure if the job at Select Specialty will accommodate him with his age and findings." Dr. Lowe examined Mr. Tan and noted, "[H]is back pain is much improved. I do not detect any significant focal weakness in the lower extremities. He has some mild spasm in the low back."

In contrast, Mr. Tan said he still had pain and swelling around that time. He was willing to work with lifting restrictions, but Select would not offer light duty. He disagreed that he could do full-duty work, pointing out that while his job description requires occasional lifting as much as 50 pounds and pulling up to 60 pounds, the patients he moves sometimes weigh 200 pounds. He said the job is stressful both physically and mentally.

At two earlier visits, Mr. Tan was taken off work for four weeks and then given lifting restrictions. Select paid temporary total disability benefits each time. Dr. Lowe wrote in April that Mr. Tan was not a surgical candidate.

The restrictions were imposed again at a July visit with Dr. Lowe's physician assistant, and Select reinitiated temporary disability benefits. Then at an August visit, Dr. Lowe released Mr. Tan "to work without specific restrictions related to his job, which delineates no requirements over 50 pounds. On WorkLink that says no lifting over 50 pounds consistent with return to work full duty." He added, "I would not anticipate permanent restrictions or permanent impairment as it relates to this injury."

Dr. Lowe requested a return in one month, but around that time Mr. Tan moved to California. Since then, the parties have been attempting to furnish treatment with a California physician. In early February, Select sent Mr. Tan a panel. He testified that he has not signed and returned the form.

Mr. Tan expressed dissatisfaction with Dr. Lowe's treatment and testified that after the June 10 visit, he went to Dr. Philip Elizondo later that month for a second opinion. Dr. Elizondo diagnosed "acute midline low-back pain, unspecified whether sciatica present." He recommended that Mr. Tan continue with physical therapy and medications. He additionally advised that Mr. Tan "not return to work where he needs to lift 50 to 60 pounds. He should not return to any work requiring more than 20 to 30 pounds lifting." Mr. Tan paid for this visit with his personal insurance but incurred a copay.

Mr. Tan seeks reimbursement of the copay and temporary disability benefits from June 10 to July 8. Select denies that he is entitled to either.

2

**Findings of Fact and Conclusions of Law**

To prevail at this expedited hearing, Mr. Tan must show he would likely succeed at a final hearing in proving entitlement to reimbursement of Dr. Elizondo's bill and additional temporary disability benefits. Tenn. Code Ann. § 50-6-239(d)(1) (2024); *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2015).

Turning first to the medical bill, Dr. Elizondo gave a second opinion. As the Appeals Board has explained, "A specialist must recommend surgery before an injured worker is entitled to a second opinion on the issue of surgery and diagnosis." *Petty v. Convention Prod. Rigging,* 2016 TN Wrk. Comp. App. Bd. LEXIS 95, at *21 (Dec. 29, 2016). Dr. Lowe did not recommend surgery. Moreover, section 50-6-204(a)(1)(A) requires an employer only to furnish treatment free of charge "as ordered by the attending physician." Dr. Lowe is the treating physician. Therefore, Mr. Tan has not shown he is likely to prevail at a hearing on the merits that he is entitled to reimbursement for Dr. Elizondo's services.

Next, Mr. Tan seeks temporary disability benefits. In *Jones v. Crencor Leasing and Sales,* 2015 TN Wrk. Comp. App. Bd. LEXIS 48, at *7 (Dec. 11, 2015), the Appeals Board repeated longstanding eligibility requirements: "An injured worker is eligible for temporary disability benefits if: (1) the worker became disabled from working due to a compensable injury; (2) there is a causal connection between the injury and the inability to work; and (3) the worker established the duration of the period of disability." Applying this authority, he has not met the first condition that he was "disabled," since Dr. Lowe released him to full duty for the period that Mr. Tan seeks benefits.

Mr. Tan was a credible witness who possesses great medical knowledge from his years of experience as a nurse. However, he is not a medical doctor, nor is the Court. The Appeals Board has held, "Judges are not well-suited to make independent medical determinations without expert medical testimony supporting such a determination. Likewise, parties . . . cannot rely solely on their own medical interpretations of the evidence to successfully support their arguments." *Lurz v. Int'l Paper Co.,* 2018 TN Wrk. Comp. App. Bd. LEXIS 8, at *17 (Feb. 14, 2018). Mr. Tan is unlikely to prevail at trial on this request as well.

**IT IS, THEREFORE, ORDERED** as follows:

1.  Mr. Tan's requests are denied at this time.

2.  A status hearing is set for **July 14 at 9:15 a.m. Central Time.**  You must call 615-532-9552 or 866-943-0025 to participate.  If Mr. Tan has reached maximum medical improvement at that time, the Court will set dates for mediation and the compensation hearing.

                      **ENTERED March 4, 2025.**

_____
**JUDGE JOSHUA DAVIS BAKER by interchange**
**Court of Workers' Compensation Claims**

4

## APPENDIX

**Exhibits**

1. Rule 72 Declaration of Allan Tan
2. Rule 72 Declaration of Samantha Tyree
3. Wage statement
4. Composite medical records: Dr. Lowe, Dr. Elizondo
5. C-42, panel of California physicians
6. CareNow Urgent Care, March 7, 2024
7. Ascension St. Thomas Hospital Midtown, February 18, 2024
8. Email from Leah Carter, PT to Mr. Tan, June 19, and notes, June 4, 2024
9. Select Medical job description
10. First Report of Injury
11. Emails between Mr. Tan and Trace Karp
12. Video

## CERTIFICATE OF SERVICE

I certify that a copy of this Order was sent as indicated on March 4, 2025.

| Name | Certified Mail | Regular mail | Email | Sent to |
|---|---|---|---|---|
| Allan Tan, employee | | X | X | 4259 Heritage Ln. Clovis, CA 93619 Allantan7311974@yahoo.com |
| Maddox Burgess, employer's attorney | | | X | maddox.burgess@libertymutual.com eva.noss@libertymutual.com |

_____Penny Shrum_____

**Penny Shrum**
**Clerk, Court of Workers' Compensation Claims**
**WC.CourtClerk@tn.gov**



<u>Right to Appeal:</u>

If you disagree with the Court's Order, you may appeal to the Workers' Compensation Appeals Board. To do so, you must:

1.  Complete the enclosed form entitled "Notice of Appeal" and file it with the Clerk of the Court of Workers' Compensation Claims before the expiration of the deadline.
    ➢ If the order being appealed is "expedited" (also called "interlocutory"), or if the order does not dispose of the case in its entirety, the notice of appeal *must* be filed *within seven (7) business days* of the date the order was filed.
    ➢ If the order being appealed is a "Compensation Order," or if it resolves all issues in the case, the notice of appeal *must* be filed *within thirty (30) calendar days* of the date the Compensation Order was filed.
    When filing the Notice of Appeal, you must serve a copy on the opposing party (or attorney, if represented).

2.  You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the filing fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of your appeal.**

3.  You are responsible for ensuring a complete record is presented on appeal. If no court reporter was present at the hearing, you may request from the Court Clerk the audio recording of the hearing for a $25.00 fee. If you choose to submit a transcript as part of your appeal, which the Appeals Board has emphasized is important for a meaningful review of the case, a licensed court reporter must prepare the transcript, and you must file it with the Court Clerk. The Court Clerk will prepare the record for submission to the Appeals Board, and you will receive notice once it has been submitted. For deadlines related to the filing of transcripts, statements of the evidence, and briefs on appeal, see the applicable rules on the Bureau's website at https://www.tn.gov/wcappealsboard. (Click the "Read Rules" button.)

4.  After the Workers' Compensation Judge approves the record and the Court Clerk transmits it to the Appeals Board, a docketing notice will be sent to the parties.

    **If neither party timely files an appeal with the Appeals Board, the Court Order becomes enforceable. See Tenn. Code Ann. § 50-6-239(d)(3) (expedited/interlocutory orders) and Tenn. Code Ann. § 50-6-239(c)(7) (compensation orders).**

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



# NOTICE OF APPEAL
Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury:** _____

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____ ☐ Motion Order filed on _____

☐ Compensation Order filed on_____ ☐ Other Order filed on_____

issued by Judge _____.

## Statement of the Issues on Appeal
Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____
_____
_____
_____

## Parties
**Appellant(s)** (Requesting Party): _____ ☐ Employer ☐ Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐ Employer ☐ Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.

_____

*[Signature of appellant or attorney for appellant]*